AO 106 (Rev. 7/87) Affidavit for Search Warrant

FILED
07 NOV 20 PM 2:33
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

**Premises known as:**
The subscriber/toll records, stored memory, active digital display and all other electronic features of one Motorola Boost cellular telephone (Serial number 364VHL9T2P)

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER: '07 MJ 2717

I Jeffrey Pryor being duly sworn depose and say:

I am a(n) Special Agent, U.S. Immigration and Customs Enforcement and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

the subscriber/toll records, stored memory, active digital display, and all other electronic features of one Motorola Boost cellular telephone (Serial 364VHL9T2P), which was seized as evidence incident to the arrest of Manuel ORTEGA-CAMPOS for Alien Present without Admission or Parole; and the above specified cellular telephone is currently in the possession of U.S. Immigration and Customs Enforcement, Otay Mesa, California.

In the SOUTHERN District of CALIFORNIA
there is now concealed a certain person or property, namely (describe the person or property to be seized)
Attachment A
Which is: (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
Fruits, evidence, and instumentalities of crimes against the United States,

Concerning a violation of Title 18 United States code, Section(s) 922
The facts to support a finding of Probable Cause are as follows:
See Attached Affadavit

Continued on the attached sheet and made a part hereof. ☒ Yes ☐ No

[signature]
Signature of Affiant

Sworn to before me, and subscribed in my presence

11/20/07 at San Diego, California
Date City and State

Jan M. Adler, US Magistrate Judge [signature]
Name and Title of Judicial Officer Signature of Judicial Officer

# ATTACHMENT A

## ITEMS TO BE SEIZED

a. the telephone number and name/identity assigned to the telephone;

b. telephone numbers, names, and identities stored in the directory;

c. telephone numbers dialed from the telephone;

d. all other telephone numbers stored in the telephone's memory (including, but not limited to: received, missed and incomplete calls);

e. any other electronic information in the stored memory and/or accessed by the telephone (including, but not limited to: text messages, voice messages, and memoranda);

f. any electronic photographs, voice recordings, voice notes, calendar information; and

g. all subscriber information

which evidences the existence of a conspiracy to possess firearms while unlawfully in the United States.

JMA

# AFFIDAVIT

I, Jeffrey Pryor, being duly sworn, hereby depose and say:

## A. EXPERIENCE AND TRAINING

1. I am a Special Agent (SA) of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). As of May 2007, I am currently assigned to the Human Trafficking Division of the Deputy Special Agent in Charge, San Ysidro, California office. The Human Trafficking Division is tasked with the responsibility of investigating, arresting, and prosecuting alien smuggling organizations that utilize the Southern District of California as an operational corridor. These investigations are complex criminal investigations of mid to high-level criminal smuggling organizations. In the course of my duties, I investigate and prepare for prosecution cases against persons involved in the inducement of illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; the transportation and harboring of undocumented aliens within the United States; and the utilization of illegally-obtained, counterfeit, altered or genuine immigration documents by undocumented aliens to illegally gain entry or remain in the United States.

2. Prior to being assigned to the Human Trafficking Division, between September 2001 and May 2007, I was a Border Patrol Agent with the U.S. Border Patrol in San Diego, California. During my career with the U.S Border Patrol, I was detailed to the San Diego Sector Intelligence Department and the Federal Bureau of Investigation Human Trafficking group. During my details to the Intelligence Department and the Human Trafficking group, several smuggling organizations were targeted by

investigations which resulted in the issuance of arrest warrants, search warrants, seizure warrants and the indictments and convictions of persons for alien smuggling including guides, drivers, recruiters, arrangers, document providers, and top-level managers.

3. Throughout my career, I have received training and conferred with other Special Agents, Border Patrol Agents, narcotics investigators, law enforcement professionals and others (including suspects, defendants and informants) in the operation of cellular and digital telephones and other electronic devices used by alien smugglers in the normal course of their illicit activities. During the course of alien smuggling investigations and training, I have learned that alien smugglers and others involved in such criminal conspiracies use digital and cellular telephones, in part, to increase their mobility, and to provide themselves with instant access to telephone calls and voice messages. Alien smugglers also use digital and cellular telephones, in part, because of their belief in the inability of law enforcement personnel to simultaneously track the originating and destination telephone numbers of calls placed to and from their digital and cellular telephones. In addition, alien smugglers and others involved in such criminal conspiracies use digital and cellular telephones because they provide greater insulation and protection against court-ordered wiretaps.

4. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of alien smuggling investigations, and the opinions below are shared by them. Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support issuing a search warrant, it does not include all the facts that have been

learned during the course of investigation. When the contents of documents or statements of others are reported herein, they are reported in substance and part unless otherwise indicated.

**B. <u>LOCATION TO BE SEARCHED</u>**

5. I believe that I have probable cause to search the subscriber/toll records, stored memory, active digital display, and all other electronic features of one Motorola Boost cellular telephone (Serial number 364VHL9T2P) seized as evidence from Manuel ORTEGA-CAMPOS, following his arrest for violation of INA 212(a)(6)(A) Alien Present without Admission or Parole and suspected violation of Title 18 USC 922(g)(5)(A) Illegal or Unlawfully Present Alien in Possession of a Firearm.

6. The specified telephone is currently in the possession of United States Immigration and Customs Enforcement, Otay Mesa, California.

**C. <u>ITEMS TO BE SEIZED</u>**

7. Based upon my experience and training, and all of the facts and opinions set forth in this affidavit, I believe that the following items will be found in the location to be searched described in paragraph 5, <u>supra</u>:

a. the telephone number and name/identity assigned to the telephone;

b. telephone numbers, names and identities stored in the directory;

c. telephone numbers dialed from the telephone;

d. all other telephone numbers stored in the telephone's memory (including, but not limited to: received, missed and incomplete calls);

e. any other electronic information in the stored memory and/or accessed by the telephone (including, but not limited to: text messages, voice messages and memoranda);

f. any electronic photographs, voice recordings, voice notes, calendar information; and

g. subscriber information

which evidences the existence of a conspiracy to possess firearms while unlawfully present in the United States.

**D. <u>STATEMENT OF FACTS</u>**

8. On November 19, 2007, San Diego Police Department officers contacted the U.S. Border Patrol and requested an immigration inspection concerning an individual, later identified as Manuel ORTEGA-CAMPOS, hereafter referred to as ORTEGA. San Diego Police had performed a traffic stop on ORTEGA's vehicle for making an illegal U-turn in the vicinity of 37th Street and Logan Avenue in San Diego, California.

9. Supervisory Border Patrol Agent Clay Leidecke responded and questioned ORTEGA as to his right to be or remain in the United States legally. ORTEGA stated that he had a "green card" but he had left it at home. Agent Leidecke and Border Patrol Agent David Penta took ORTEGA to his residence to retrieve his "green card." Upon arriving at the residence, Agents were met by a female, identified only as ORTEGA's girlfriend, who stated that ORTEGA did not have any immigration documents. ORTEGA was again questioned as to his immigration status and he subsequently admitted to not having any immigration documents and being in the United States in violation of law. ORTEGA was placed under arrest for violation of INA 212(a)(6)(A) Alien Present without Admission or Parole.

10. Following ORTEGA'S arrest a search of his person was conducted and revealed a Motorola Boost Cellular telephone (Serial Number: 364VHL9T2P). Agents retrieved the telephone, which is a flip-open style telephone. Upon opening the telephone

Agents discovered a photograph of ORTEGA holding a firearm, resembling a Tech-9 semi-automatic firearm. The photograph was set as the telephone's background image, which required no manipulation of the telephone to view. The telephone was detained as evidence and is currently in the custody of U.S. Immigration and Customs Enforcement.

11. During questioning, ORTEGA admitted to having been present in the United States continuously for the last 2 months. ORTEGA also provided conflicting explanations for the photograph. ORTEGA initially told agents that the firearm was fake. Border Patrol Agent Miguel Munoz, who conducted interview, advised ORTEGA that he was well-versed in firearms and would have firearms expert review the photograph to verify his claim. At this point ORTEGA changed his story and stated that the photographs were taken on a ranch in Nayarit, Mexico approximately one month ago, well within the time frame he said he was physically present in the United States. Agent Munoz advised ORTEGA that he would contact the telephone company to determine if his claim was true; ORTEGA then recanted his story and again stated that the firearm was fake. ORTEGA stated that because the firearm was fake he did nothing wrong, thereby indicated that he knew it was a violation of law for him to be in possession any firearm while unlawfully in the U.S.

12. Based upon my experience and investigation in this case, I believe that Manuel ORTEGA-CAMPOS was in possession of a firearm while in the United States illegally.

**E. CONCLUSIONS**

13. Based upon my experience and training, consultation with other agents in alien smuggling investigations, consultation with other sources of information, and the

facts set forth herein, I know that the items to be seized set forth supra in Section C are likely to be found in the location to be searched described supra in Section B.

Jeffrey Pryor
Special Agent
U.S. Immigration and Customs Enforcement

SUBSCRIBED TO AND SWORN TO
Before me this 20th day of November, 2007

UNITED STATES MAGISTRATE JUDGE